# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY JONES,** | § § § | **CIVIL ACTION NO.:** |
| **Plaintiff,** | § § | |
| v. | § § § | _____ |
| **PUBLIX SUPER MARKETS, INC., ET AL.,** | § § § | |
| **Defendants.** | § § § | |

## NOTICE OF REMOVAL

Defendant, Publix Super Markets, Inc. ("Publix"), hereby gives Notice of the Removal of the above-captioned action, filed in the Circuit Court of Jefferson County, Alabama as Civil Action No.: CV-2019-900179, to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. In support of this Removal, which is based upon this Court's diversity jurisdiction, Publix states as follows:

1.   This action was commenced by the Plaintiff, Shirley Jones ("Jones") with the filing of her Complaint in the Circuit Court of Jefferson County, Alabama, in which she alleged that on February 16, 2018, she was injured as a result of the negligence and/or wantonness of Defendant Publix. (**Exhibit A**, Complaint, ¶¶ 9-14). Specifically, Jones alleged that while a business invitee in the Publix grocery

store located at 3141 Overton Rd., Mountain Brook, Alabama 35223, she was caused to slip/trip and fall, resulting in injuries to her left arm and left leg and various accompanying damages. (**Ex. A**, ¶¶ 3-8).

2. Publix was served with Plaintiff's Complaint on January 22, 2019. (**Exhibit B**, Declaration of Brittany Corless, ¶ 5).

3. As alleged in her Complaint, Jones is an adult resident of Jefferson County, Alabama. (Ex. A, ¶ 1).

4. Publix Super Markets, Inc. is a foreign corporation, incorporated in the State of Florida, and its principal place of business is in the State of Florida. (**Ex. A**, ¶ 2; **Ex. B**, ¶ 3).

5. This Removal is timely filed within thirty (30) days of service of process upon Publix. *See* 28 U.S.C. § 1446(b)(2)(B)("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal.").

6. The United States District Court for the Northern District of Alabama, Southern Division, is the court and division embracing the place wherein such action is pending in State Court, Jefferson County, Alabama.

7. A true and correct copy of all process, pleadings, and orders served upon Publix is attached hereto as **"Exhibit C"**.

8. On this date, a Notice of Filing of Notice of Removal, accompanied by a copy of this Notice of Removal, will be filed in the Circuit Court of Jefferson County, Alabama, in accordance with 28 U.S.C. § 1446(d).

9. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## DIVERSITY JURISDICTION

### Diversity of Citizenship

10. Federal diversity jurisdiction exists over this action pursuant to 28 U.S.C. § 1332, because the Defendants are diverse from Plaintiff and the amount in controversy exceeds $75,000.00.

11. In her Complaint, Plaintiff identified herself as an individual resident of Jefferson County, Alabama. (**Ex. A**, ¶ 1).

12. Defendant Publix is a foreign corporation, incorporated in the State of Florida, and its principal place of business is in the State of Florida. (**Ex. A**, ¶ 2; **Ex. B**, ¶ 3).

13. There are no other Defendants named in Plaintiff's Complaint, and based upon the foregoing, there is complete diversity of citizenship between the Plaintiff and the Defendant. 28 U.S.C. § 1332(a)(1).[1]

---

[1] All fictitious defendants named by the plaintiff in his Complaint are due to be disregarded for purposes of this diversity analysis. (*See* 28 U.S.C. 1441(b)(1)).

## Amount in Controversy

14. In the case at bar, Smith's complaint does not demand a specific amount. (*See* **Ex. A**, generally). Removal of a state court case, in which the complaint does not specify the amount of damages sought, on the basis of diversity jurisdiction is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional threshold. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). The Court must look to the notice of removal and any evidence submitted by the parties in order to determine if the amount in controversy exceeds the jurisdictional requirement. *See, e.g.*, *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1331- 32 (M.D. Ala. 2007).

15. When the amount in controversy is not facially apparent, the removing defendant has the burden of proving by a "preponderance of the evidence" that the amount of controversy more likely than not exceeds the $75,000 jurisdictional threshold. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Flowers v. Priority Healthcare Pharm., Inc.*, 2007 U.S. Dist. LEXIS 34688 (S.D. Ala. 2007) (applying the *Tapscott* standard); *Sierminski v. Transouth Fin. Corp.*, 216 F. 3d 945, 948 (applying a "preponderance of the evidence" standard when considering whether a removing defendant had properly established the amount in controversy). Mere conclusory allegations in

the notice of removal that the jurisdictional requirement is satisfied, unsupported by the underlying facts, do not discharge the defendant's burden of proof. *Williams*, 269 F.3d at 1319-20; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

16. In determining whether the defendant seeking removal based on diversity jurisdiction has met his burden to establish the amount in controversy, the court may consider a number of factors, including the plaintiff's injuries, amounts awarded in similar cases, expenses incurred to date, and settlement demands to make a judicial valuation of what a jury would award the plaintiff assuming the plaintiff prevails. *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D.W. Va. 2011).

17. Plaintiff has filed this lawsuit, seeking to recover for "injuries to her left arm and left leg." (Ex. A, ¶ 6). She further alleges that she was "knocked, shocked, bruised, contused and injured over her entire body." (Ex. A, ¶ 6). She claims that she has undergone and will continue to undergo significant medical treatment and that she has incurred and will continue to incur considerable expense relating to that treatment. (Ex. A, ¶ 8). She alleges that she remains unable to perform some of her normal activities and that she believes she is permanently injured. (Ex. A, ¶ 8). Lastly, she claims that that she has suffered and will continue to suffer in the future from sever pain and mental anguish. (Ex. A, ¶ 8).

18.     As evidenced by her Complaint, Plaintiff is alleging quite severe and permanent injuries as a result of the Defendants' alleged acts and is further alleging that she has received and will continue to receive medical treatment for those injuries. (Ex. A, ¶ 8). Defendants contend that these statements on the part of Plaintiff alone would be sufficient to establish by a "preponderance of the evidence" that the amount of controversy more likely than not exceeds the $75,000 jurisdictional threshold.

    a.    **Settlement Demands**

19.     The Court may consider settlement demands in making a judicial valuation of what a jury would award the plaintiff assuming the plaintiff prevails. *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D.W. Va. 2011). "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Id*. (quoting *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1097 (11th Cir.1994)). What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. *Id*. O*n the other hand, settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight. Id.*

(quoting *Golden Apple Management Co. v. Geac Computers, Inc.,* 990 F.Supp. 1364, 1368 (M.D.Ala.1998)) (emphasis added).

20. On or about September 30, 2018, prior to filing suit, a letter was sent to Publix on behalf of Shirley Jones, wherein her counsel set forth a settlement demand in the amount of Two Hundred Fifteen Thousand Four Hundred Seventy Nine and 00/100 Dollars ($215,479.00). (*See* September 30, 2018 Correspondence from John Paul Bruno to Lisa Czopek with Publix, attached hereto as "**Exhibit D**", p. 1). This settlement request included a specific demand for $200,000.00, plus payment of $15,479.00 in medical specials that Jones had allegedly incurred to date as a result of the subject fall in Publix's store. (**Ex. D**, p. 1). The demand letter from Plaintiff's counsel also stated that there were additional medical expenses with Therapy South that were "pending," indicating that her damages figure was likely to increase from the $15,479.00 in listed expenses. (**Ex. D**, p. 1). In further support of her settlement demand, Jones' counsel enclosed photographs depicting Jones' injuries and recovery and medical records evidencing her treatment. (*See* Documentation of Plaintiff's Injuries and Damages, attached hereto as "**Exhibit E**").

21. The photographs provided by Jones' counsel depict her left foot at different stages of recovery, including photographs depicting (1) the significant swelling in her foot, (2) the short case in which she was placed for a period of time,

7

and (3) various "boots" that she was required to wear to protect her ankle and foot during recovery. (**Ex. E**, p. 1-5).

22. Additionally, the medical records submitted by Jones's counsel in support of her demand establish that following her fall on February 16, 2018, she presented to Grandview Medical Center, where she complained of severe pain in her left foot and was unable to bear weight. (**Ex. E**, pp. 6-11). She was diagnosed with a foot fracture, her foot was placed in a splint, and she was given crutches to assist with mobility. (**Ex. E**, p. 11).

23. On February 19, 2018, she presented to Dr. John Kirchner at Southlake Orthopaedics for further evaluation. (**Ex. E**, p. 13). She reported that she had also injured her left knee in the fall. (**Ex. E**, p. 13). X-rays of her left foot were obtained that day and revealed a possible Lis Franc injury. (**Ex. E**, p. 14). Dr. Kirchner ordered an MRI to evaluate that injury. (**Ex. E**, p. 14). When she returned to Dr. Kirchner following her MRI, it was confirmed that she did in fact have a Lis Franc dislocation in her left foot. (**Ex. E**, p. 16). As a result, he placed her left foot and ankle in a short cast. (**Ex. E**, p. 17).

24. When Jones returned to Dr. Kirchner on March 19, 2018, she also complained of pain in her left wrist, which she reported was the result of falling onto her outstretched wrist. (**Ex. E**, p. 20). Dr. Kirchner referred Jones to Dr. Michael Smith for evaluation of her wrist. (**Ex. E**, p. 21).

25. Dr. Smith ultimately ordered an MRI of her left wrist, which ultimately revealed "a small distal avulsion-type fracture off of the fusiform, as well as triquetral edema." (**Ex. E**, pp. 27, 32). Dr. Smith noted at that time that an arthroscopic surgery on her left wrist may be necessary if the pain persists. (**Ex. E**, p. 33). Jones has continued to receive treatment, including physical therapy, for her left foot and left wrist injuries, and according to her Complaint, she expects to continue having costly medical treatment into the foreseeable future. (**Ex. A,** ¶ 8; **Ex. D**, p. 1; **Ex. E**, pp. 36-42).

26. The Plaintiff's settlement request included documentation that provided "specific information … to support [the plaintiff's] claim for damages," and therefore, this demand is "entitled to more weight" in determining whether Publix has discharged its burden of proof in relation to the amount in controversy requirement. *Jackson*, 651 F. Supp. 2d at 1281.

27. Based on the foregoing, this Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441(a).

## NOTICE

28. Concurrently with the filing of this Notice of Removal, Publix shall cause to be filed a copy of this Notice of Removal with the Clerk of the Circuit

Court of Jefferson County, Alabama; and copies of this Notice of Removal will be provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

Dated this 21st day of February, 2019.

ATTORNEYS FOR PUBLIX.

Travis I. Keith (ASB-1942-S75K)

**OF COUNSEL:**
**GAINES GAULT HENDRIX, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, Alabama 35243
(205) 402-4800
tkeith@ggh-law.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties electronically or by placing a copy of same in the United States Mail, properly addressed and postage prepaid, as follows:

**Davis L. Middlemas (MID007)**
**John Paul Bruno (BRU036)**
**Morris Bart & Associates, LLC**
**Wells Fargo Tower**
**420 North 20th Street**
**Suite 2750**
**Birmingham, AL 35203**
**(205) 236-3148**

    This the 21st day of February, 2019.

_____
OF COUNSEL