# Exhibit A

DOCUMENT 2



ELECTRONICALLY FILED
1/11/2019 3:24 PM
01-CV-2019-900179.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| SHIRLEY JONES; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| PUBLIX SUPER MARKETS, INC., ) | *Jury Trial Demanded* |
| a foreign corporation ) | |
| doing business in Alabama; ) | |
| ) | |

There may be other entities whose true names, identities and proper party Defendants are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the Plaintiff when their names, identities and proper party status are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporation and unincorporated associations and any and all limited liability companies. The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol apply to more than one entity. In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANT "A", the legal entity responsible for the maintenance and repair of all entrances and walkways located at or near 3141 Overton Road, Mountain Brook, Alabama 35223;
DEFENDANT "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described herein;
DEFENDANT "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein;
DEFENDANT "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein;
DEFENDANT "E", the legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;
DEFENDANT "F", the legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;
DEFENDANT "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;
DEFENDANT "H", the legal entity who or which controlled and/or had the right to control

the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

DEFENDANT "I", the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;

DEFENDANT "J", the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit; prior to the date of said occurrence;

DEFENDANT "K", the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

DEFENDANT "L", the legal entity who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

DEFENDANT "M", the legal entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

DEFENDANT "N", the legal entity who or which is the successor in interest of any of those entities described above;

DEFENDANT "O", the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit;

DEFENDANT "P", the legal entity who or which planned, designed or constructed the facility involved in the occurrence made the basis of this lawsuit;

DEFENDANT "Q", the legal entity who or which was the architect, engineer, contractor or subcontractor involved in the planning, design or construction of the building involved in the occurrence made the basis of this lawsuit;

DEFENDANT "R", the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANTS, "S", "T", "U", AND "V", those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit. All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained;

Defendants.                )
                           )

## COMPLAINT

## STATEMENT OF THE PARTIES

DOCUMENT 2

1. Plaintiff Shirley Jones, (hereinafter "Plaintiff Jones") is over the age of nineteen years and a resident citizen of Vestavia, Jefferson County, Alabama.

2. Defendant Publix Super Markets, Inc., (hereinafter "Defendant Publix") is, upon information and belief, a foreign corporation who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Jefferson County, Alabama.

## STATEMENT OF THE FACTS

3. On or about February 16, 2018, at approximately 6:00 p.m., Plaintiff Jones was an invitee at Publix Super Market located at or near 3141 Overton Road, Mountain Brook, Alabama 35223.

4. While walking through the main aisle at Publix, Plaintiff Jones slipped and fell due to a defect in the floor. No warning was present that would have alerted Plaintiff to the hazardous condition. As a result, Plaintiff Jones was injured and damaged.

5. At said time and place, Defendant Publix failed to properly inspect and maintain the aforementioned premises thus creating a hazardous condition for invitees.

6. As a direct and proximate consequence of the hazard, Plaintiff Jones sustained injuries to her left arm and left leg. Furthermore, Plaintiff Jones was knocked, shocked, bruised, contused and injured over her entire body.

7. Plaintiff Jones underwent, and continues to undergo, significant medical treatment for the injuries she received in the occurrence made the basis of this lawsuit.

8. Plaintiff Jones is unable to perform some of her normal activities; she has undergone and will continue to undergo significant medical treatment for her condition; she has incurred and will continue to incur expenses related to her injury; she has suffered and will continue to suffer in the future from severe pain and mental anguish; and she has otherwise been permanently injured and

damaged.

## COUNT I

### NEGLIGENCE AND/OR WANTONNESS

9.  Plaintiff realleges all prior paragraphs of this Complaint as if fully set forth herein.

10. At the aforesaid time and place, Defendant Publix, as the maintainer of the aforementioned premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there liable for one or more of the following negligent and/or wanton acts and/or omissions:

   a. Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the walkways on the premises;

   b. Failed to warn Plaintiff Jones and other persons lawfully on said premises of the dangerous condition when Defendant Publix knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to Plaintiff Jones;

   c. Failed to make a reasonable inspection of its premises when it knew, or in the exercise of due care should have known, that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

   d. Failed to perform/provide routine maintenance service in a manner such as to avoid the creating of an unnatural "dip" and/or "indention" in the flooring of walkways and/or aisles on the premises;

   e. Failed to perform/provide routine maintenance service in accordance with company and industry standards resulting in an unnatural "dip" and/or "indention" in the flooring of walkways and/or aisles on the premises.

11. As a direct and proximate result of one or more of the aforesaid wrongful, negligent

and/or wanton acts or omissions of Defendant Publix, Plaintiff Jones was caused to suffer the following injuries and damages:

    a.    she was caused to suffer physical pain and mental anguish;

    b.    she was caused to seek medical treatment and was prevented from going about her normal activities;

    c.    she was permanently injured;

    d.    she was caused to incur medical expenses to treat her injuries; and

    e.    she was caused to be injured and damaged all to her detriment.

WHEREFORE, Plaintiff Jones, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of injury and the costs of this action.

## COUNT II

12.    Plaintiff realleges all prior paragraphs of this Complaint as if fully set forth herein.

13.    The negligence, wantonness, recklessness, and negligent, reckless, and wanton supervision and training, or other wrongful conduct of the Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, combined and concurred to proximately cause the Plaintiff's injuries.

14.    WHEREFORE, Plaintiff Jones, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of injury and the costs of this action.

                                                        Respectfully Submitted,

DOCUMENT 2

/s/ John Paul Bruno
Davis L. Middlemas (MID007)
John Paul Bruno (BRU036)
Attorneys for Plaintiff

OF COUNSEL:
Morris Bart & Associates, LLC
Wells Fargo Tower
420 North 20th Street
Suite 2750
Birmingham, AL 35203
(205) 236-3148
jbruno@morrisbart.com

PLAINTIFF'S ADDRESS:
Shirley Jones
c/o John Paul Bruno
Morris Bart & Associates, LLC
Wells Fargo Tower
420 North 20th Street - Suite 2750
Birmingham, AL 35203

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:
Publix Super Markets, Inc.
c/o Corporate Creations Network Inc.
6 Office Park Circle, Ste. 100
Mountain Brook, Alabama 35223

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/ Davis L. Middlemas
/s/ John Paul Bruno

PLEASE SERVE DISCOVERY ALONG WITH COMPLAINT